[Civ. No. 4824. First Appellate District, Division Two.—May 10, 1924.]

## JOSEPH P. STEINMETZ, Appellant, v. ZELLA D. STEINMETZ, Respondent.

[1] DIVORCE—SETTLEMENT OF PROPERTY RIGHTS—CONTRACT BETWEEN HUSBAND AND WIFE—EFFECT UPON JURISDICTION OF COURT TO GRANT ALIMONY PENDENTE LITE.—A contract between husband and wife settling out of court their property rights, in accordance with the provisions of section 159 of the Civil Code, which contract does not show upon its face that it is *contra bonos mores*, and which contract has not been adjudicated null and void because obtained by fraud, undue influence or for any other reason, does not deprive the trial court of its power to grant alimony *pendente lite* under the provisions of section 137 of the Civil Code.

(1) 19 C. J., p. 219, sec. 523 (1926 Anno.).

APPEAL from an order of the Superior Court of Santa Clara County granting alimony *pendente lite,* costs and counsel fees. F. B. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crawford & Mayock and Maurice J. Rankin for Appellant.

Rea & Caldwell for Respondent.

LANGDON, P. J.—This is an appeal from an order of the superior court of the county of Santa Clara, state of California, directing the plaintiff to pay to the defendant the sum of $60 a month for her support pending the trial of a divorce action, and the further sum of $10 for costs and $250 for counsel fees in said action in which defendant had filed a cross-complaint.

In the trial court the plaintiff opposed the granting of the motion for alimony *pendente lite,* costs and attorney's fees upon the ground that the parties had entered into a contract for the settlement of their property rights, under which the defendant had received the sum of $1,000 and had relinquished all other claims against the property of the plaintiff and the property of the community. The

1. See 1 Cal. Jur. 967.

agreement between the parties with reference to their property rights was offered in evidence at the hearing upon the motion as were also the pleadings in the divorce action in which the defendant and cross-complainant attacked such agreement as fraudulent and void.

Appellant contends that it is apparent upon its face that said agreement is not objectionable in any way under the decisions dealing with agreements of this character which have been held to be *contra bonos mores,* and that unless a hearing was had upon the issue that the same had been obtained by undue influence or fraud and a finding made thereon, it stands as a binding agreement between the parties and precludes the trial court from making any allowance for alimony and costs, contrary to its provisions.

[1] We are thus confronted with the question: Does a contract between husband and wife settling out of court their property rights, in accordance with the provisions of section 159 of the Civil Code, which contract does not show upon its face that it is *contra bonos mores,* and which contract has not been adjudicated null and void because obtained by fraud, undue influence or for any other reason, deprive the trial court of its power to grant alimony *pendente lite* under the provisions of section 137, Civil Code? We think the case of *McCahan* v. *McCahan,* 47 Cal. App. 173 [190 Pac. 458], is pertinent. In that case, "After judgment the defendant moved the court, on affidavits showing she was practically destitute and had no means of her own, for an order directing plaintiff to pay her costs and counsel fees on appeal. The plaintiff filed a counter-affidavit in which he alleged the execution of the contract of separation referred to; that it provided for, and he had paid to the defendant, the sum of one hundred dollars for her costs and counsel fees in the action. He objected to making any further payments and interposed the stipulation of the contract as a bar to the granting of the motion. The court overruled the objection, and, refusing to be governed by the provisions of the contract relating to counsel fees and costs, made the allowance complained of. The question presented on this appeal is the right of the court to make the order, in view of the provision of the contract. . . ."

It is true that in the above-cited case the opinion states that the portion of the contract of separation which governed

the amount to be paid for counsel fees in the event of a divorce was void as *contra bonos mores,* and therefore, of no force and effect; but it expressly said that for another reason the trial court might have disregarded the provisions of said contract relating to counsel fees and costs. The other reason was: "Our statute provides that during the pendency of a divorce action the court may, in its discretion, compel the husband to pay the wife any money necessary to prosecute or defend the cause. (Civ. Code, sec. 137.) . . . The courts of this state have consistently recognized and upheld the broad discretionary power vested in the trial judges, by the above section of the code, in these matters. In refusing to sanction an agreement between an attorney and a plaintiff in a divorce action for a contingent fee, the Supreme Court pointed out that in such cases 'the law has taken care that the wife shall not be without assistance in proper cases either to prosecute or defend such actions. . . . The reason or necessity therefor does not exist in such cases as in the others for allowing contingent attorney's fees, and where the reason ceases the rule or law also ceases.' (*Newman* v. *Freitas, supra.*) In yet another case the same court was called upon to construe a contract similar, in effect, to the provision in the agreement we are here considering. It was there said: 'nor in the case of suit could the agreement control the action of the court in the exercise of its discretion in allowing alimony or attorney's fees.' (*In re Estate of Sloan,* 179 Cal. 393 [177 Pac. 150].) Assuming as claimed by appellant, but not so holding, that it may have been unnecessary for the court, in deciding the case, to have used the language quoted, we consider the statement significant, as being in complete accord with what we conceive to be the consistent policy of the courts of this state in such matters.

"Appellant relies upon the case of *Lee* v. *Lee,* 55 Mont. 426 [178 Pac. 173], as fully supporting his contention. While the court there takes a view contrary to that which seems to prevail in this state, we are unwilling to accept it as final authority. We are satisfied it is best to leave the matter of costs and counsel fees in divorce actions to the discretion of the trial court, in whose exclusive jurisdiction it has been vested by legislative enactment. If it is desirable or expedient to settle these matters out of court, such agreements must be subjected to the examination of

the court. (*Loveren* v. *Loveren,* 106 Cal. 509, 513 [39 Pac. 801].)''

It would seem that the decision from which the foregoing extract is taken rests upon the broad ground that the matter of costs and counsel fees in divorce actions has been exclusively vested in the discretion of the trial court by legislative enactment and that any agreement made by the parties attempting to settle such matters is subject to the examination and sanction of the court. This was recognized in the later decision of *Whiting* v. *Whiting,* 62 Cal. App. 157 [216 Pac. 92].

In the case of *Millar* v. *Millar,* 51 Cal. App. 718, at page 729 [197 Pac. 811] it was said: ''It cannot be said in any just sense that an allowance for suit money or for temporary alimony involves a claim 'arising upon contract.' It is a matter entirely of statutory regulation *and is not affected by any agreement of the parties.''*

The answer to appellant's position that he has a right to stand upon his contract with the respondent until the same is set aside in a proper proceeding, is that under the decisions hereinbefore cited, all such contracts must be made subject to the discretion of the trial court vested in it by section 137 of the Civil Code.

The order appealed from is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1924.

All the Justices concurred.