[S. F. No. 10921.   In Bank.—June 23, 1924.]

UNA MARGARET LOCKE PADDON, Respondent, v. WILLIAM LOCKE PADDON et al., Defendants and Appellants.

[1] APPEAL—ALTERNATIVE METHOD—JUDGMENT-ROLL—EVIDENCE—DISMISSAL.—On an appeal from a judgment under the alternative method, where there is before the court a typewritten copy of the judgment-roll, certified by the clerk of the trial court, the appeal will not be dismissed because of the absence of the testimony at the hearing, such as·is designated in section 953a of the Code of Civil Procedure.

[2] HUSBAND AND WIFE—PROPERTY RIGHTS — CONTRACTS — CONFIDENTIAL RELATIONS.—It is competent for husband and wife to enter into a contract the purpose of which is to settle their property rights, but such a transaction between them is subject to the general rules controlling the actions of persons occupying confidential relations as defined by the title on trusts.

[3] DIVORCE — PROPERTY SETTLEMENT AGREEMENT — VALIDITY OF — PLEADING—JURISDICTION.—The issue as to the validity of an agreement between husband and wife settling their property rights and

releasing the wife's rights to alimony, counsel fees, and costs in the event of suit for divorce is tendered by the allegations of a complaint by the wife for divorce showing, in effect, that such agreement was procured through the fraud of the husband practiced upon the wife, and the divorce court has jurisdiction to determine said issue in the action.

[4] ID.—AGREEMENT RELEASING WIFE'S RIGHT TO ALIMONY PENDENTE LITE, COUNSEL FEES, AND COSTS—EFFECT UPON POWER OF COURT.—Even if an agreement between husband and wife settling their property rights and releasing the wife's rights to alimony, counsel fees, and costs in the event of suit for divorce be not void, it is subject to the sanction of the court and does not deprive the court of its power to grant temporary alimony under the statutory authority therefor found in section 137 of the Civil Code.

[5] ID.—ORDER AWARDING TEMPORARY ALIMONY—COUNSEL FEES AND COSTS—PRESUMPTIONS—APPEAL.—In an action by a wife for divorce and for setting aside upon the ground of fraud an agreement between herself and her husband settling their property rights and releasing her rights to alimony, attorney's fees, and costs in the event of suit for divorce being brought, if it be assumed on appeal from an order granting temporary alimony, counsel fees, and costs that it may transpire upon the trial of the case that the allegations, both as to the wife's right to a divorce and as to the invalidity of the agreement may not be proved, and that the husband has been compelled to furnish the wife with means to prosecute an unmeritorious action, still the duty of the husband to support the wife and to furnish her with the means to have her rights adjudicated is inherent in the marital relation, the sole object of the order appealed from being to furnish the wife with the means to show that she is entitled to the relief sought.

[6] ID.—APPLICATION FOR TEMPORARY ALIMONY, COUNSEL FEES, AND COSTS—SCOPE OF HEARING—JURISDICTION.—On the hearing of an application by a wife for alimony *pendente lite,* counsel fees, and costs the merits of the case, when there is no issue as to the marriage, will not be considered further than to determine that the wife is prosecuting the action in good faith and not merely for the purpose of obtaining money from the husband, it being, of course, also necessary for the court on such a hearing to determine that the necessities of the wife warrant the making of the allowance and that the husband is able to pay.

[7] ID.—APPEAL—PRESUMPTIONS—DISCRETION—EVIDENCE.—On an appeal in a divorce action from an order granting the wife temporary alimony, counsel fees, and costs, in the absence of the record of evidence taken on the hearing, it will be presumed that the trial court inquired into the good faith of the wife in prosecuting the action, the necessities of the wife, and the ability of the husband

to pay, and in such a situation the order appealed from cannot be reversed, such an order being, furthermore, in the discretion of the trial court, no abuse of which is shown.

[8] RESCISSION—FRAUD—RESTORATION.—It is not an invariable rule that a rescission of a contract on the ground of fraud will be denied merely because the parties cannot be placed *in statu quo.*

[9] DIVORCE—PROPERTY SETTLEMENT AGREEMENT — FRAUD — RESTORATION.—It would be manifestly unjust to require the wife, as a prerequisite to maintaining an action to rescind a property settlement agreement on the ground of fraud, that she restore to the husband the moneys received by her under the agreement and used for living expenses and to which under the law she would have been entitled to so receive and use notwithstanding the agreement.

[10] ID.—CORRECTION OF MINUTE ENTRY OF ORDER—PROPRIETY OF.— It was proper for a trial court to correct a minute entry of its order awarding a wife alimony *pendente lite,* counsel fees, and costs, when the clerical omission was discovered, by a *nunc pro tunc* order to the effect that if an agreement settling property rights sought to be set aside by the wife should be declared a binding agreement, then all payments on account of temporary alimony required by the order would be credited on the sums payable under the agreement, and the power of the court to correct such omission was not suspended or impeded by an appeal from such order, the order being, furthermore, not prejudicial to the husband's interest.

---

(1) 4 C. J., p. 574, sec. 2380 (1926 Anno.).    (2) 30 C. J., pp. 635, 660, secs. 197, 227½ (1926 Anno.).    (3) 19 C. J., p. 340, sec. 787. (4) 19 C. J., p. 219, sec. 523.    (5) 19 C. J., p. 205, sec. 498.    (6) 19 C. J., pp. 210, 214, 216, 217, 234, 235, 236, secs. 510, 517, 518, 551, 553, 554, 555.    (7) 19 C. J., pp. 329, 330, sec. 767.    (8) 13 C. J., p. 619, sec. 678.    (9) 13 C. J., p. 622, sec. 681.    (10) 15 C. J., pp. 975, 977, 979, secs. 395, 396, 400.

APPEAL from an order of the Superior Court of the City and County of San Francisco allowing alimony *pendente lite,* counsel fees, and costs.    Walter Perry Johnson, Judge.    Order affirmed.    Motion to dismiss appeal denied. Motion for diminution of record denied.

The facts are stated in the opinion of the court.

J. L. Smith for Appellant.

Edwin V. McKenzie, Harry A. McKenzie, Myron Harris, Preston & Duncan, W. A. Andrews and Clarence A. Linn for Respondent.

SHENK, J.—Defendant has appealed from an order granting to the plaintiff temporary alimony, counsel fees, and costs in an action for divorce. He has also made a motion for diminution of the record. A motion to dismiss the appeal has been made by the plaintiff, which will first be considered.

Upon the filing of the complaint an order was issued requiring the appellant to show cause on November 3, 1922, if any he had, why he should not be required to pay to the respondent reasonable costs and counsel fees for the maintenance and prosecution of the action and alimony *pendente lite.* A hearing was had on the day appointed at which the respondent was examined under oath and cross-examined by appellant's counsel. The court thereupon made and entered an order requiring appellant to pay to the respondent $300 per month as temporary alimony, $200 on account of attorney fees, and $100 for costs of suit. The appeal from the order was taken under section 953a et seq. of the Code of Civil Procedure. The appellant in due time filed with the clerk of the court a notice that he intended to appeal from the order complained of and requested that a "transcript of all the evidence offered or received, of all the testimony offered or taken, of all the rulings, acts or statements of the court, of all the minutes of the court, of all the objections and exceptions of counsel, and all matters to which the same relate" be prepared and certified in accordance with the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure. The appellant also requested that there be incorporated in the transcript all proceedings and papers in connection with the hearing on the order to show cause. The appellant thereafter in due time filed his notice of appeal. No transcript of the testimony taken at the hearing was prepared by the stenographic reporter on the order of the court or otherwise for the reason, as satisfactorily appears from the record, that no reporter was present at the hearing and consequently no phonographic report thereof could be transcribed as required by said section 953a. The motion to dismiss the appeal is

made on the ground that the record on appeal does not contain a reporter's transcript of the evidence taken upon the hearing which resulted in the making of the order appealed from nor a bill of exceptions setting forth such testimony. Pursuant to the appellant's notice the clerk of the trial court has certified a typewritten copy of the record, but a transcript of the testimony taken in open court at the time of the hearing is not in the record for the reason above stated. The transcript so presented is also certified by the trial judge and for all purposes of the appeal may be considered as a judgment-roll.

[1] It has been recently decided that on an appeal from a judgment under the alternative method, where there is before the court a typewritten copy of the judgment-roll, certified by the clerk of the trial court, the appeal will not be dismissed because of the absence of the testimony at the hearing, such as is designated in section 953a of the Code of Civil Procedure (*Ramsay* v. *Rodgers,* 189 Cal. 100 [207 Pac. 516]; *Beckett* v. *Stuart,* 35 Cal. App. 796 [171 Pac. 107].)

A consideration of the merits of the appeal must necessarily be limited to what appears on the face of the judgment-roll. The complaint was filed October 30, 1922, wherein it is alleged that the parties intermarried on the seventh day of September, 1904, and have two children, one of whom is a minor; that they separated on or about September 20, 1915; that the appellant and respondent are the owners of real and personal property described in the complaint of the approximate value of $200,000 and which is alleged to be community property; that at the time of the marriage in 1904 the appellant was without any property; that the appellant has a large income from his activities in a real estate and land sales business, the amount of which is unknown to the respondent; that respondent has no income and no separate property under her control and has no control over the said community property or the business of the appellant. Then follow allegations of extreme cruelty on the part of the appellant which need not here be set forth.

It is also alleged that at all times since the said marriage the appellant represented to the respondent that he had little or no money; that the business transactions with which

he had been connected had been failures; that his earnings from all sources amounted to barely enough to support the respondent and himself; that she had no knowledge of his financial status except as acquired by her from his statements; that on December 22, 1919, for the purpose of settling the property interests and rights of the parties hereto and dividing the said community property, an agreement was entered into, a copy of which is annexed to and made a part of the complaint. The agreement recites that by reason of divers disputes and unhappy differences it is impossible for the parties to live together in peace and it is desired to settle their property rights so that neither shall have any claim upon the other except as therein set forth. The husband then agreed to pay the wife the sum of $10,000, of which $1,250 was payable in cash, a further sum of $1,250 on January 15, 1920, and the balance in installments of not less than $100 per month. In addition, the appellant agreed to pay the respondent $200 per month, commencing February 16, 1920, and ending March 15, 1923, and thereafter $100 per month until October 15, 1926, at which time all payments should cease and the appellant be forever discharged from supporting or contributing toward the support of the respondent. Upon her part the respondent agreed to assign to appellant all her right, title, claim, or interest in or to any community or separate property theretofore or thereafter acquired by the appellant, "and in case of proceedings for the dissolution of marriage between the parties hereto or any other litigation being instituted between said parties hereto, the said party of the first part (respondent herein) does hereby release, absolve and discharge said party of the second part from any and all claims for alimony, attorney fees or costs incurred in such litigation by said party of the first part." It was further agreed that out of the moneys paid by appellant to respondent the latter should at all times support the minor child of the parties until he arrives at the age of twenty-one years. It was also provided that the agreement was not made with the idea or purpose that either of the parties should get a divorce from the other, but that should divorce proceedings be instituted by either party, the said agreement might be introduced in evidence as a stipulation of the parties as to

what was the fair and equitable settlement of their property rights.

The complaint then alleges that the said agreement was made under the following circumstances: That the appellant represented to respondent that he was possessed of no community property, had no separate property, was bankrupt and unable to meet his debts; that he would be required to borrow the money to meet the money payments required by the agreement; that when he presented the agreement to her for her signature he stated to her that it would be unnecessary for her to procure legal advice or counsel; that if she had anything to do with attorneys at law they would take from her the sums of money payable under the agreement; that he still loved her and would always consider himself obligated to support her and her children; that these statements were false, were known by the appellant to be false and untrue, and were made for the purpose of defrauding the respondent out of her interest in the said property; that she relied upon said fraudulent representations and except for the same would not have entered into the agreement; that she is unfamiliar with business matters and acted solely without legal or other advice; that one of the means employed by appellant to deceive the respondent and conceal from her the true extent of his business transactions was to conduct the same through the medium of corporations such as Small Farms Improvement Company, Great Western Syndicate, Locke Paddon Land Company and Locke Paddon Company—all defendants in said action. The complaint contains other and numerous allegations of fraud and of false pretenses on the part of the appellant in connection with the execution of said agreement, but sufficient have been noted to indicate the nature of the attack that is made upon the agreement. Respondent prays that the agreement be set aside on account of the alleged fraud practiced upon her; that there be an equitable division of the community property of the parties; that she be granted alimony *pendente lite* and permanent; that she be awarded counsel fees and court costs and for general relief.

It is the contention of the appellant that the trial court had no power to award alimony *pendente lite*, counsel fees, and court costs in the face of the contract settling the prop-

erty rights of the parties and providing that alimony, counsel fees, and costs shall not be awarded the plaintiff in the event suit for divorce be instituted. It is insisted that the agreement is valid until set aside by a court of competent jurisdiction; that as there has been no trial on the question of its validity, it is binding upon the parties and that the agreement cannot be deemed fraudulent merely because the plaintiff charges that it is.

[2] It was competent for the parties hereto to enter into a contract the purpose of which was to settle their property rights (sec. 159, Civ. Code); but such a transaction between them was subject to the general rules controlling the actions of persons occupying confidential relations as defined by the title on trusts (secs. 158, 2235, Civ. Code). In *Estate of Cover,* 188 Cal. 133 [204 Pac. 583], this court said: "Confidential relations are presumed to exist between husband and wife, and, in his dealings with his wife, the husband, if he obtains an advantage over her, must stand unimpeached of any abuse of the confidence presumptively reposed in him by the wife and resulting from the marital relation, and, failing in this, he must bear the burden of showing that the transaction was fair and just and fully understood by the party from whom the advantage is obtained."

[3] The issue as to the validity of the agreement is tendered by the allegations of the complaint and the court has jurisdiction to determine said issue in the action. In *Loveren* v. *Loveren,* 106 Cal. 509 [39 Pac. 801], the appellant contended that the court had no jurisdiction to set aside such an agreement in the action, which was one for divorce, and that an independent action should have been brought for that purpose. It was there said: "But the court clearly had jurisdiction to make disposition of the community property (Civ. Code, secs. 146, 147); and, when appellant insisted upon said instrument as providing how said property should be divided, the court necessarily had jurisdiction to consider it and to disregard it if found to be void. . . . 'Such pretended agreements, if they are to have any force, must be subjected to the *examination of the divorce court,* and derive their sanction from *a decree made by the court* with a knowledge of the facts.'" In *McCahan* v. *McCahan,* 47 Cal. App. 176 [190 Pac. 460], the court stated

that inasmuch as the trial court had jurisdiction of the divorce action it had authority to make disposition of the community property of the parties and added: "Whenever, therefore, it was made to appear that a division of the property had been made in accordance with the terms of the separation agreement, the court necessarily had jurisdiction to consider the instrument, and to affirm it, or to disregard it if it was found to be void." [4] Even if the agreement be not void it is subject to the sanction of the court and does not deprive the court of its power to grant temporary alimony under the statutory authority therefor (sec. 137, Civ. Code; *Steinmetz* v. *Steinmetz,* 44 Cal. App. Dec. 203 [227 Pac. 713]).

Appellant relies on the rule stated in the case of *Hogarty* v. *Hogarty,* 188 Cal. 625 [206 Pac. 79], wherein the court said: "Such an agreement, when untainted by fraud, collusion, or the like, is valid . . . and when made a part of the decree is binding on the parties as a part thereof." But there is nothing in that case inconsistent with the converse statement of the rule as contended for by the respondent that if the agreement be tainted with fraud or be not approved by the court it is not binding on the parties.

[5] If we assume that it may transpire upon the trial of the case that the allegations, both as to the respondent's right to a divorce and as to the invalidity of the agreement, may not be proved, and that the appellant has been compelled to furnish the respondent with means to prosecute an unmeritorious action, it may be said that the duty of the husband to support the wife and to furnish her with the means to have her rights adjudicated is inherent in the marital relation. The sole object of the order complained of is to furnish the wife with the means to show that she is entitled to the relief sought. [6] On the hearing of the application the merits of the case, when there is no issue as to the marriage, and there is none here, will not be considered further than to determine that the wife is prosecuting the action in good faith and not merely for the purpose of obtaining money from the husband (*Kowalsky* v. *Kowalsky,* 145 Cal. 394 [78 Pac. 877]). It is, of course, also necessary for the court to determine that the necessities of the wife warrant the making of the order and that the husband is able to pay. [7] Presumably all

194 Cal.—6

of these matters were inquired into by the court on the hearing and in the absence of the record of such evidence on this appeal the order cannot be reversed (*Kellogg* v. *Kellogg*, 170 Cal. 84 [148 Pac. 518]). Furthermore, the order of allowance was in the discretion of the court (sec. 137, Civ. Code) and in the absence of an abuse of discretion the order must stand (*Gay* v. *Gay*, 146 Cal. 237 [79 Pac. 885]). No abuse of discretion is here shown.

Appellant contends that the allegations of the complaint are insufficient to vest the court with jurisdiction to set aside the agreement on the ground of fraud for the reason that the respondent has not offered to restore to the appellant the money she has received under the agreement and relies on the cases of *Hite* v. *Mercantile Trust Co.*, 156 Cal. 765 [106 Pac. 102], and *Estate of Sloan*, 179 Cal. 393 [177 Pac. 150], where it was held that an offer to restore was essential to a cause of action to set aside a property settlement agreement on the ground of fraud under the circumstances alleged in those cases. In the case of *Hite* v. *Mercantile Trust Co.*, *supra*, the plaintiff brought the action against the administrator of the estate of one James R. Hite to set aside on the ground of fraud a separation agreement by which she had received the sum of $16,000 in consideration of her release of all claims against the deceased and his estate and to set at naught also on the ground of fraud a judgment in a divorce action between the parties wherein it was decided that the plaintiff was not, and never had been, the wife of the deceased. It was held that the complaint was fatally defective in that it did not contain an offer to restore as required by section 1691 of the Civil Code. In *Estate of Sloan*, *supra*, the surviving widow sought to set aside an agreement settling property rights on the ground that the agreement was void and it was held that the wife had no standing in court in the absence of an offer to restore the property she had received under the agreement. In each of the cases relied on by appellant the point was raised and decided on demurrer. In the case at bar we are not dealing with a ruling of the court on demurrer. So far as the record discloses no pleading has been interposed to the complaint. We are here concerned merely with the propriety of an order made in an ancillary proceeding which is in reality a separate judgment (*Millar*

v. *Millar*, 51 Cal. App. 718, 724 [197 Pac. 811]). For
aught that appears in the record it may have been shown
before the trial court that the moneys which the respondent
has heretofore received were no more than she was entitled
to under the law as support from the appellant for the
intervening years and that the monthly allowance to which
she was entitled at the time of the hearing was grossly in-
adequate for her support pending the trial of the action,
taking into consideration the circumstances of the parties.
[8] It is not an invariable rule that a rescission of a con-
tract on the ground of fraud will be denied merely because
the parties cannot be placed *in statu quo* (*Green* v. *Duver-
gey*, 146 Cal. 379 [80 Pac. 234]). [9] It would be mani-
festly unjust to require of the wife, as a prerequisite to
maintaining an action to rescind a property settlement agree-
ment on the ground of fraud, that she restore to the hus-
band the moneys received by her under the agreement and
used for living expenses and to which under the law she
would have been entitled to so receive and use notwith-
standing the agreement (*Milekovich* v. *Quinn*, 40 Cal. App.
537 [181 Pac. 256]).

[10] The order of allowance was made on November 3,
1922. The notice of appeal was filed December 7, 1922. On
October 29, 1923, the trial court made and entered a *nunc pro
tunc* order as follows: "Amended Minute Order. It having
been brought to the attention of the court that in the minute
entry of the court's order awarding the above named plaintiff
alimony *pendente lite*, costs and counsel fees, which was
duly made in the above entitled action on the 3rd day of
November, 1922, a part of said order as actually made at
said time was inadvertently omitted by the clerk, now for
the purpose of correcting said inadvertent omission and
making the record conform to the actual order of the court
made at said time said minute entry of said order is hereby
amended and corrected *nunc pro tunc* as of November 3rd,
1922, to read as follows." The order of the court actually
made and entered on November 3, 1922, is here repeated
and the *nunc pro tunc* order continues as follows: "The
court further orders that in the event that a certain con-
tract made between the plaintiff and defendant dated Decem-
ber 22, 1919, annexed to the complaint and marked Exhibit

'A,' which is sought to be set aside in the action above entitled, and in that certain other action pending between the said parties in said court and numbered on the record thereof 128432, shall be declared a binding agreement in full force and effect, then all such payments as shall have been made to plaintiff on account of alimony *pendente lite* as aforesaid, shall be credited upon the sums payable under the said contract." It is insisted by appellant that the court had no jurisdiction to make the order of October 29, 1923, for the reason that the appeal had been taken and the whole matter been removed from the jurisdiction of the trial court pending the appeal. Appellant seeks by a motion made in this court for diminution of the record to eliminate such *nunc pro tunc* order from the certified record. When the clerical omission was discovered it was proper for the trial court to correct the same by a *nunc pro tunc* order and the power of the court to correct such omission was not suspended or impeded by the appeal (*Bieaggi* v. *Ramont*, 189 Cal. 675 [209 Pac. 892], and cases cited). Furthermore, the order was not prejudicial to the appellant's interest. In fact, it was in his favor. It was an assurance to him that whatever he might pay on account of temporary alimony required by the order would be credited on the sums payable under the contract, thus avoiding a duplication of payments on his part.

The motion to dismiss the appeal is denied. The motion for diminution of the record is denied. The order appealed from is affirmed.

Lennon, J., Seawell, J., Richards, J., Myers, C. J., Lawlor, J., and Waste, J., concurred.

Rehearing denied.