[Civ. No. 3842. Third Appellate District.—June 27, 1929.]

THE MADERA CANAL AND IRRIGATION COMPANY (a Corporation), Respondent, v. ARAKELIAN, INC. (a Corporation), Appellant.

Lindsay & Gearhart and Carl E. Lindsay for Appellant.

Walter C. Maloy for Respondent.

FINCH, P. J.—This is a motion to dismiss defendant's appeal on the ground that no bill of exceptions or other record on appeal has been prepared or filed. The following

facts appear from the clerk's certificate and the affidavits on file:

■ "During the course of the trial . . . and after the evidence therein was fully taken and before the said cause was decided, . . . a full and complete transcript of the evidence and proceedings had during said trial was made by the court reporters who reported said cause, and the original of said transcript was left with the judge of said court, . . . and a copy thereof furnished to the attorney for said plaintiff and to the attorney for said defendant." Judgment was entered February 20, 1928. March 2, 1928, the defendant filed notice of intention to move for a new trial. March 29, 1928, notice of the entry of judgment was served on defendant. The court's power to pass on a motion for a new trial expired sixty days thereafter. (Code Civ. Proc., sec. 660.) The defendant had thirty days after the expiration of such sixty-day period in which to appeal. (Code Civ. Proc., sec. 939.) June 12, 1928, the defendant filed notice of appeal and also filed with the clerk a request for a transcript as provided for by section 953a of the Code of Civil Procedure. The latter notice stated that the "appellant has arranged personally with the stenographic reporter for his compensation." No further steps were taken in the proceeding for a new trial. February 2, 1929, the plaintiff served the defendant with notice that "the motion for a new trial . . . was, by operation of law, denied on the 25th day of August, 1928." February 12, 1929, the original copy of the reporter's transcript, made as stated during the progress of the trial, was delivered to the clerk. June 30, 1928, the clerk's transcript was certified by the clerk and it was filed in this court on June 17, 1929. Proceedings for the settlement of a transcript under the provisions of section 953a of the Code of Civil Procedure were terminated by dismissal in the trial court on June 15, 1929. Rule I, section 1, of the Supreme and the District Courts of Appeal provides that the time for filing the transcript on appeal prepared under the provisions of section 953a of the Code of Civil Procedure "shall not begin to run until such transcript is approved and certified as required by law, or until the proceeding to obtain the same has been terminated in the court below by dismissal or otherwise." Under the provisions of this rule, the clerk's transcript was filed in time and, there-

fore, the appeal is effective as an appeal on the judgment-roll at least. (*Locke Paddon* v. *Locke Paddon,* 194 Cal. 73, 77 [227 Pac. 715].)

The motion to dismiss is denied.

Plummer, J., and Thompson (R. L.), J., concurred.