[Civ. No. 7628. Second Appellate District, Division Two.—December 19, 1930.]

ROY FISHER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Hancock & Rogers for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard, Deputy County Counsel, for Respondents.

THOMPSON (IRA F.), J.—On July 5, 1929, the petitioner here commenced an action in the respondent court against his wife for divorce. After default of the defendant and trial, and on August 1, 1929, an interlocutory decree was made and rendered. On August 2, 1930, the defendant in the divorce action filed a complaint for separate maintenance on the ground of desertion, wilful neglect and extreme cruelty, and also set up a cause of action to set aside and vacate the interlocutory decree for the reason that it was obtained by the plaintiff there through extrinsic fraud practiced upon the court and the defendant. On August 22, 1930, the respondent court made an order requiring the petitioner here to pay to the plaintiff in the second action during the pendency of the action, certain sums of money for the support of herself and their minor children and also the sum of $75 as attorneys' fees therein. Later an order was made requiring the petitioner to appear and show cause why he should not be punished for contempt for refusal to comply with this order. It is for the purpose of preventing the respondent court from proceeding to punish the petitioner and to prevent it from hearing the order to show cause that the writ of prohibition is sought in the matter now before us.

In *Parsons* v. *Weis*, 144 Cal. 410 [77 Pac. 1007, 1010], which was an action to set aside a judgment quieting title on the ground that it was fraudulently obtained and to have it declared that plaintiff was in fact the owner of the property, it is said: "An attack upon a judgment on the ground that it was procured by fraud is a direct attack, *since the establishment of the fraud shows that no judgment has been rendered.* The fraud, however, from which

said relief may be given does not include a judgment regularly obtained upon a fraudulent claim or by false testimony, but it is limited to a fraud in procuring the judgment. (*Pico* v. *Cohn*, 91 Cal. 129 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537].)'' (Italics ours.) An examination of a leading case upon the subject, *United States* v. *Throckmorton*, 98 U. S. 61, 64 [25 L. Ed. 93, see, also, Rose's U. S. Notes], discloses that in those cases where an attack upon a judgment is to be sustained on account of the character of the fraud employed the courts proceed upon ''the general doctrine that fraud vitiates the most solemn contracts, documents and even judgments''. ██ Assuming for the moment that petitioner here was guilty of fraud designed, intended and which actually resulted in preventing the defendant from having a fair trial of the divorce action and that the judgment rendered against her by reason thereof was unjust and unconscionable, it is obvious that in the eyes of a court of equity it is as though no judgment had ever been rendered. In the proceeding to set aside the judgment on the grounds mentioned and to secure separate maintenance the court is clothed with the same jurisdiction as though no decree had been rendered. It becomes a matter of fact for the court to determine, in the exercise of a sound judicial discretion, whether the petitioner was guilty of perpetrating the kind of fraud which authorizes the judgment to be declared void and of no effect.

Writ denied.

Works, P. J., and Craig, J., concurred.