[Civ. No. 7629. Second Appellate District, Division Two.—December 19, 1930.]

ROY FISHER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Hancock & Rogers for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard, Deputy County Counsel, for Respondents.

THOMPSON (IRA F.), J.—This is a companion case to *Fisher* v. *Superior Court* (No. 7628), *ante,* p. 565 [294 Pac. 445], this day decided. ▮ In this proceeding the petitioner seeks the writ of mandate compelling the respondent court to enter the final decree in the divorce action, which he alleges he demanded of that court after the expiration of one year from the date the interlocutory decree was entered. In addition to the authorities relied upon in the opinion in that case we quote from *Dunlap* v. *Steere,* 92 Cal. 344 [27 Am. St. Rep. 143, 16 L. R. A. 361, 28 Pac. 563], as follows: " 'In general it may be stated that in all cases where, by accident, or mistake, or fraud, or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an instrument of injustice, and it is therefore against conscience that he should use that advantage, a court of equity will interfere, and restrain him from using the advantage which he has thus improperly gained.' (Story's Eq. Jur., sec. 885.)" It having been made to appear by a complaint filed in the respondent court that such a situation may exist with respect to this judgment it was the plain duty of the court to refuse to enter the final decree.

Writ denied.

Works, P. J., and Craig, J., concurred.