[Civ. No. 18938. Second Dist., Div. Two. June 6, 1952.]

KATHLEEN G. WILLIAMS SPRECKELS, Respondent,
v. ADOLPH SPRECKELS II, Appellant.

Daniel Schnabel for Appellant.

Wright, Wright, Green & Wright, Loyd Wright and Charles A. Loring for Respondent.

FOX, J.—Defendant appeals from an order awarding his wife $1,000 per month alimony pendente lite, $2,500 attorney's fees, and $200 costs.

The parties married September 6, 1945. They are the parents of two children, ages two years, and eight months, respectively. It was plaintiff's third marriage; prior thereto she had been employed either as a model or as a motion picture actress; she had no issue by her previous marriages.

In July, 1948, the parties separated and plaintiff filed an action for divorce. On July 26th they executed a property settlement agreement. Soon thereafter they effected a reconciliation and lived together until their current separation on September 5, 1951. The two children were born subsequent to the reconciliation.

The property settlement agreement was received in evidence at the hearing on the order to show cause. Its stated purpose was to "finally and forever" settle their respective property rights. Paragraph one recites that the parties have no community property or community property rights by virtue of their marriage. By paragraph two the husband agrees to pay the wife upon the execution of the agreement $25,000, payment of which she acknowledges receipt. In paragraph nine it is agreed that in the event the wife hereafter sues the husband for divorce this contract "shall in all respects limit the quantum and nature of the relief granted" her. The agreement further provides that the wife will immediately dismiss her divorce action, which she did, and in the event she should thereafter obtain a decree of divorce the husband agrees to pay her $2,750. Finally it is provided each party releases the other from all claims for attorney's fees and expense money in connection with any action for divorce which may "hereafter" be commenced, and each "specifically waives the right to support or maintenance, alimony or right of family support by reason of the marital relations now existing between them, . . . or *which may hereafter exist between them.*" (Italics added.) Although the agreement provides it may be presented to the court for approval in the event of a divorce, this has never been done.

Trust funds have been established for the benefit of the children. At the hearing on the order to show cause defendant was required to pay $600 monthly for the support of the children. He does not object to this order.

Defendant challenges the order for temporary alimony, attorney's fees and costs upon two grounds: (1) the July, 1948, contract is a bar to the making of any award; and (2) in any event, plaintiff failed to prove such necessity on her part as would justify the order.

When a divorce action is pending the court may, in its discretion, require the husband to pay such amount as may be reasonably necessary to enable the wife to support herself and her children and to prosecute her action. (Civ. Code, § 137.*)

---

*It is to be noted that defendant's brief refers to Civil Code, sections 137.2 and 137.3, which were added by ch. 1700, sections 4 and 5, Stats. 1951, effective Sept. 22, 1951, ten days after the filing of the complaint in this action. However, sections 137.2 and 137.3 are substantially similar to the provisions of former section 137 and are basically a separation of the provisions of the old section.

■ Property settlement agreements are sanctioned by the Civil Code (§§ 158 and 159) and occupy a favored position in the law of this state. (*Hill* v. *Hill*, 23 Cal.2d 82, 89 [142 P.2d 417].) ■ So when a wife has entered into a property settlement agreement waiving ''all claims whatsoever'' for support or attorney's fees and such contract has been judicially determined to be valid and binding the court may not thereafter, in another action, make an award of alimony pendente lite and suit money contrary to the provisions of such agreement. (*Patton* v. *Patton*, 32 Cal.2d 520 [196 P.2d 909].) ■ If, however, such property settlement agreement has not had judicial approval and is attacked as being void or as having been obtained through fraud, the court may make an award for necessary temporary support, counsel fees and costs. (*Steinmetz* v. *Steinmetz*, 67 Cal.App. 195 [227 P. 713] ; *Locke Paddon* v. *Locke Paddon*, 194 Cal. 73 [227 P. 715].)

When the order to show cause came on for hearing on September 21, 1951, the case was not at final issue on the pleadings. In her complaint plaintiff not only asked for a divorce but also for a determination of the community property. Also, she asked that an equitable share thereof be awarded to her, and that she be granted both temporary and permanent alimony, support for the children, attorney's fees and court costs. The latter relief cannot be granted if the contract of July, 1948, is valid and enforceable. However, a serious question as to the legality of the quoted waiver provision in the contract on grounds of public policy is apparent. See Civ. Code § 159; *Pereira* v. *Pereira*, 156 Cal. 1 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A.N.S. 880] ; *Barham* v. *Barham*, 33 Cal.2d 416 [202 P.2d 289] ; Restatement of Contracts, § 587.) ■ The subsequent reconciliation, resumption of marital relations and birth of two children were facts that have an important bearing on the effect of the contract. (See *Mundt* v. *Connecticut Gen. Life Ins. Co.*, 35 Cal.App.2d 416, 418 [95 P.2d 966] ; *Lloyd Corp. Ltd.* v. *Industrial Acc. Com.*, 61 Cal.App.2d 275, 279-280 [142 P.2d 754].) ■ Interrogation of both plaintiff and defendant by the latter's counsel clearly indicated defendant would rely on the contract as a defense to any of plaintiff's financial demands upon him. When the contract was presented at the beginning of the hearing, counsel for plaintiff stated to the court he was not prepared at that time to litigate ''the question of the validity of this agreement.'' It was

thus clear that the validity and effect of the contract would have to be litigated and determined. That such was a correct analysis of the situation is demonstrated by the fact that the pleadings which have been brought up on this appeal show that defendant relies on the contract and plaintiff attacks it on six grounds. Thus, since it is necessary to determine the validity and effect of the property settlement agreement in order to adjudicate the rights of the parties, the court properly deferred its ruling on these questions until the case be tried on its merits. The agreement, therefore, is not a bar to an award for temporary support, counsel fees and costs. (*Steinmetz* v. *Steinmetz, supra*; *Locke Paddon* v. *Locke Paddon, supra.*)

*Patton* v. *Patton, supra,* on which defendant strongly relies, is not applicable here because the property settlement agreements there had been held valid and binding. The court in the Patton case, in discussing and distinguishing the Steinmetz and Locke Paddon cases, points out that in those cases (as here) the property settlement agreements were under attack. Although in the Patton case there was a reconciliation after the first agreement was made (as here), it is significant that the parties ratified the first contract by a new agreement following their second separation, and a new consideration was paid to the wife.

The *sine qua non* of an order for temporary alimony, counsel fees and suit money under Civil Code section 137 is the *necessity* therefor. (*Kalmus* v. *Kalmus*, 103 Cal.App. 2d 405, 422 [230 P.2d 57]; *Loeb* v. *Loeb*, 84 Cal.App.2d 141, 144 [190 P.2d 246]; *Baldwin* v. *Baldwin*, 28 Cal.2d 406, 413 [170 P.2d 670].) The respective incomes of the parties as well as their needs should determine the necessity for and the amount of alimony *pendente lite*. (*Sweeley* v. *Sweeley*, 28 Cal.2d 389, 391 [170 P.2d 469].) The discretion contemplated by the statute refers to a legal discretion controlled by established legal principles. (*Gossman* v. *Gossman*, 52 Cal.App.2d 184, 194 [126 P.2d 178].) The wife must prove a necessity for the moneys or other property awarded to her. (*Loeb* v. *Loeb, supra*, pp. 148, 149.) If she fails to make such proof an allowance of her demand is invalid to the extent that she does not prove the necessity. If she establish no necessity at all her motion must be denied.

From the record it is clear that plaintiff is worth in excess of one-half million dollars, all of which is the gift of de-

fendant and his mother. Approximately one half of this property is income bearing. In 1950 her reported net income exceeded $14,000. Her monthly income averages in excess of $1,000.

Plaintiff counters with an array of expenses for herself and children which aggregate in excess of $2,000 per month. Deducting the salaries of servants which plaintiff says are dispensable, she would still expend on herself and the two children monthly in excess of $1,700. Upon the discharge of these employees her outlay for food would be correspondingly decreased. So the total, reasonable outlay for her gross expenses should not exceed $1,600 per month. Such expense could be paid with the income which plaintiff receives from her own property, and the $600 which, under the order, defendant must pay for the children.

Not only is there no necessity for the payment to plaintiff of "$1,000 per month alimony *pendente lite*" but the record shows that her own income is equivalent to or exceeds the amount of the order. ■ If a wife possesses independent means in sufficient amount to live in her accustomed manner without impairing the capital of her separate estate, no allowance should be granted her. (*Bernheimer* v. *Bernheimer*, 103 Cal.App.2d 643, 648 [230 P.2d 17].)

■ Temporary awards are made solely for the purpose of preserving intact the family and to prevent diminution of the wife's separate estate as nearly as practicable, until the chancellor shall finally determine whether either party be entitled to any relief in equity.

■ Under the evidence the court abused its discretion in ordering defendant to pay plaintiff $1,000 per month for her own support inasmuch as she is the recipient of income sufficient to maintain herself in accordance with her accustomed standard of living.

However, inasmuch as plaintiff's revenues will be substantially consumed by her own living expenses, it cannot be said that the trial court abused its discretion in making the award of counsel fees and costs. (*Cameron* v. *Cameron*, 85 Cal.App.2d 22 [192 P.2d 89].) ■ While the facts might have sustained a different conclusion on this point, the trial court was justified in exercising a reasonable precaution to preserve the corpus of the wife's separate estate. (*Fallon* v. *Fallon*, 83 Cal.App.2d 798 [189 P.2d 766].) However, nothing in this opinion is to serve as an indication of what would be a proper judgment upon the ultimate issue of permanent support. (See *Loeb* v. *Loeb, supra*.)

The order here on appeal is modified by striking therefrom the following: "Defendant is ordered to pay $1,000.00 per month alimony *pendente lite*, payable on the first day of each month, beginning October 1, 1951."

As so modified the order is affirmed.

Moore, P. J., concurred.

McCOMB, J.—I concur in the majority opinion written by Mr. Justice Fox insofar as it modifies the judgment of the trial court's awarding plaintiff alimony pendente lite.

I dissent from the opinion insofar as it affirms the order of the trial court in granting plaintiff attorneys' fees for the prosecution of the action. My dissent is predicated upon the view that in this enlightened era a woman should not be discriminated against simply because she is a woman.

There is no question that a man and wife may enter into a contract relative to their property rights. Section 159 of the Civil Code provides in part as follows: That they may agree in writing to an immediate separation and that they may make provision for the support of either of them, and expressly permits them to enter into a contract relative to their property rights.

It is likewise conceded that any person may waive a right which he has. In the present case plaintiff entered into an agreement which she does not claim was entered into under duress, menace, undue influence or under any other form of compulsion, providing as follows:

"Each of the parties hereto releases the other from any and all claims for attorneys' fees and expense monies in connection with the negotiation and preparation of this agreement and in connection with any action for divorce or separate maintenance which has heretofore, or which may hereafter, be commenced by either of the parties hereto, and each of the parties hereto specifically waives the right to support or maintenance, alimony or right of family support by reason of the marital relations now existing between them, which have heretofore existed between them, or which may hereafter exist between them;"

Plaintiff likewise admits that she received a full, adequate and complete consideration for this agreement. Therefore there is no reason in law or justice why she should not be bound by it. There is no question that had defendant made

a similar motion the court would have held that he had waived his right under the agreement.

As much as I regret to disagree with my learned associates, I cannot subscribe to a rule which is discriminating against a woman just because of her sex. Should the rule which the majority opinion establishes be the law of California we would find ourselves in this situation:

A husband who had been derelict in his marital duties might be perfectly willing to offer his wife a most adequate property settlement far in excess of any which a court would award but for the fact that he would know that any agreement which she might make in consideration of such property settlement would not be binding upon her. The result would be that he would be forced to say, "I cannot in fairness to myself offer you this property settlement because the law discriminates against you because you are a woman and says you may not waive your rights or enter into a contract with me which will be to your advantage. Therefore I must leave the settlement of our property rights to the courts."

I am therefore of the opinion that the agreement which the plaintiff made is binding upon her, and consequently the court could not grant attorneys' fees and court costs.

The petitions for a rehearing were denied June 23, 1952. McComb, J., was of the opinion that the petitions should be granted.

Appellant's and respondent's petitions for a hearing by the Supreme Court were withdrawn July 31, 1952.