[Civ. No. 20150. Second Dist., Div. One. June 1, 1954.]

MARY CELIA LA PLANTE PERREAULT VISHNER, Appellant, v. PAUL W. VISHNER, Respondent.

Stanley Fleishman and Nolan H. Tepper for Appellant.

Ellis D. Reiter for Respondent.

DORAN, J.—This is an appeal from an order "denying appellant suit money to prosecute her action for divorce and to cancel a property settlement agreement." Appellant's brief further states: "Appellant's action was filed less than one month after appellee had obtained a default interlocutory decree of divorce. Appellant's action for divorce was premised on a reconciliation having occurred after the entry of appellee's interlocutory decree and her action to set aside the property settlement agreement was based on fraud, undue influence, lack of consideration and the living together of the parties subsequent to the making of the property settlement agreement."

The parties hereto were married on July 25, 1952, and separated about November 3, 1952, after having entered into a property settlement agreement on October 4, 1952. On

December 12, 1952, respondent husband instituted an action for divorce or annulment. The appellant wife did not file a timely answer and on April 6, 1953, the husband obtained an interlocutory decree of divorce, which did not incorporate the property settlement agreement.

On May 6, 1953, appellant wife filed an independent action for divorce and cancellation of the settlement agreement, requesting suit money. Respondent husband then filed a cross-complaint for declaratory relief concerning legal rights and duties under the settlement agreement. In connection with the wife's divorce action, an order to show cause *in re* attorney fees, costs and alimony pendente lite, was obtained. On the hearing thereof, Commissioner Brock limited the testimony to the question whether the parties had become reconciled after the husband's interlocutory divorce had been obtained, and after taking the case under submission, found that no reconciliation had taken place. The order denying relief states: "On April 8, 1953, an interlocutory decree of divorce was entered in an action brought by the defendant herein (husband) . . . in which no provision was made for alimony or support. There is no obligation on the part of the defendant herein to support the plaintiff or to pay counsel fees for her to prosecute the present action." No inquiry or determination was made concerning the husband's ability to pay, nor as to what amount was reasonably necessary to enable the wife to maintain the action.

It is appellant's contention that "In spite of the fact that appellee had obtained an interlocutory decree of divorce against appellant approximately one month prior to the time she filed her complaint, her action falls within Civil Code, section 137.3 . . .: 'During the pendency of any action . . . for divorce . . . upon an order to show cause or motion and if such relief is requested in the complaint . . . the court may order the husband . . . to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees . . .'"

The position taken in respondent's brief is that "The Interlocutory Decree procured by respondent in the previous divorce proceeding between these parties is *res judicata*," and that the trial court, having found that no reconciliation took place, was correct in refusing to require the husband to pay attorney fees, etc. It is conceded, however, that "if a property settlement has not had judicial approval and is attacked as being void or having been obtained through fraud

or undue influence, the Court may award counsel fees and Court costs. Undoubtedly this general proposition is correct in an appropriate case. However, in each of the cases cited by Appellant, we have the order made in the original proceeding, or in a 'pending' action.''

In limiting the testimony at the hearing of the order to show cause to the question whether a reconciliation had taken place since the granting of the interlocutory decree in the husband's action, and denying the wife attorney fees, etc., on the ground that there had been no reconciliation, reversible error was committed.

The right to attorney fees and alimony pendente lite is dependent upon the statutory provisions of Civil Code, section 137.3, hereinbefore quoted. In this section the phraseology is all inclusive, and provides that the trial court may order a husband to pay such amount as may be reasonably necessary, ''during the pendency of *any action* for divorce.'' (Italics added.) No distinction is there made between a first or subsequent action for divorce, and the code section says nothing whatsoever concerning the matter of reconciliation.

The wife's present action for divorce and to cancel a property settlement agreement falls within the statutory phrase ''any action.'' Therefore, in denying the wife relief on the ground that ''reconciliation'' must first be established, the trial court read into the statute something which is not there. The merits of the wife's action were not then in issue, and, as the courts have often said, ''The sole object of the order is to furnish the wife with the means to show that she is entitled to the relief sought.'' (*Locke Paddon* v. *Locke Paddon,* 194 Cal. 73 [227 P. 715].)

The Locke Paddon case just referred to, like the present litigation, involved an action by a wife seeking to set aside a property settlement agreement, and the reviewing court there refused to approve the appellant's contention ''that the trial court had no power to award alimony *pendente lite,* counsel fees and court costs in the face of the contract settling the property rights of the parties . . .''

The agreement in the present action, validity of which is attacked by the wife, purports to settle ''all property rights and differences,'' but, as appellant points out, there is nothing therein ''waiving appellant's right to suit money.'' Nor was the property settlement agreement submitted to, or approved by the court in the husband's divorce action, and was not incorporated in the interlocutory decree.

Research by the respective parties hereto has failed to produce a reported case involving the exact point here presented. However, as said in appellant's brief, "The situation here is strongly analogous to the situation where a wife seeks to set aside an interlocutory decree of divorce under C.C.P. Sec. 473. It is settled law that in such a situation she is entitled to attorney fees and court costs. (*Grannis* v. *Superior Court,* 143 Cal. 630 [77 P. 647] ; *Nelson* v. *Nelson* (1936), 7 Cal.2d 449 [60 P.2d 982].)" Also *Bernard* v. *Bernard,* 79 Cal. App.2d 353 [179 P.2d 625].

Regardless, however, of any analogy between the cited cases and the present litigation, it is clear that the present action by the wife falls within the specific language of the statute which provides for an allowance of suit money "during the pendency of any action for divorce," regardless of the final determination of merit in such action. The trial court was therefore in error in making such allowance dependent upon a preliminary showing of reconciliation.

There is no merit in respondent's contention that the former interlocutory decree, under the doctrine of res adjudicata, constitutes a bar which prohibits the court from making the allowance provided for in the statute.

The order appealed from is reversed.

White, P. J., and Drapeau, J., concurred.