[Civ. No. 17723.   First Dist., Div. One.   July 25, 1958.]

ALEXANDRINE VERDIER, Respondent, v. PAUL VERDIER, Appellant.

.Alvin D. McNeil, Tom B. Markley, Morgan J. Doyle, A. F. Breslauer and Erskine, Erskine & Tulley for Appellant.

John D. Martin, Truitt A. Richey, Jr., Heller, Ehrman, White & McAuliffe and F. Whitney Tenney for Respondent.

WOOD (Fred B.), J.—Defendant Paul Verdier appeals from an order directing him to pay plaintiff Alexandrine's attorneys $5,000 ''on account of services rendered . . . as attorneys for plaintiff . . . on appeal'' and to pay to plaintiff $500 ''on account of her expenses and costs of maintaining and perfecting said appeal.''

Plaintiff's motion therefor was made and submitted during the pendency of the appeal and about 38 days before the reviewing court filed its decision on appeal, reported in 133 Cal. App.2d 325 [284 P.2d 94]. After the filing of the remittitur proceedings were had in the trial court which culminated in new findings, conclusions and judgment. Meanwhile, on stipulation of the parties, the initial submission of plaintiff's motion was deemed set aside pending oral arguments and was later resubmitted. The order under appeal was made subsequent to entry of the new judgment, *nunc pro tunc* as of the date of the filing of the reviewing court's decision.

Appellant claims the order erroneous because, he asserts, (1) upon the first appeal the Supreme Court held attorney fees and costs could not be awarded in an action upon a contract; (2) upon the second appeal the District Court of Appeal held that plaintiff has a cause of action upon a contract but not a cause of action under section 137 of the Civil Code; (3) the court had no power to make this order *nunc pro tunc*; and (4) the last judgment exhausted the trial court's power to award costs. Our examination of the record convinces us that these claims are not well founded.

The factual and legal basis for our conclusion is expressed in a well considered opinion written and filed by Honorable William T. Sweigert, the judge who heard the motion and made the order:

"This is a motion made in the Domestic Relations Department by plaintiff wife for support, counsel fees and costs pending her appeal from a judgment rendered against her on October 16, 1952. From the affidavits and oral testimony upon this motion the court finds that plaintiff is, and has been for about 38 years, the wife of defendant; that she is destitute and dependent upon the charity of friends; that defendant has an income of about $40,000 per year; that she is in need of support and counsel fees pending appeal and that they should be awarded unless for some reason the court is precluded from making such an award.

"The complaint in this action, which was filed in 1948, prayed for separate maintenance, counsel fees and costs, a division of community property and also for cancellation, upon the ground of fraud, of a certain separation and support agreement of 1946, purporting to amend an earlier separation and support agreement of 1937 by reducing support payments from $500 to $400 a month.

"At the outset of the case, plaintiff moved for support, fees and costs pendente lite. Her motion was denied, but upon appeal (*Verdier* v. *Verdier,* 36 Cal.2d 241 [223 P.2d 214]) this order was reversed and her motion was remanded for further proceedings. On that appeal the Supreme Court held that the trial court had erred in taking the position that pendente lite relief could not be awarded plaintiff unless she attacked the validity of the 1937 agreement; that her allegation of defendant's nonperformance of the 1937 agreement had the effect of putting her in a position to seek separate maintenance as a wife under Civil Code, section 137; that *if* in fact plaintiff attempted to seek inconsistent relief, i.e., on a contract *and* as a wife under Civil Code, section 137, the trial court could require her to make an election. Upon further proceedings, and under an order of Judge van der Zee, dated May 18, 1951, the court awarded her pendente lite support in the sum of $1,000 a month and fees in the sum of $2,500, but defendant appealed from that order. While that appeal was pending, the parties entered into a written stipulation, dated March 4, 1952, to the effect that the appeal would be held in abeyance pending the trial of the action; and, further, that upon the trial the court could try both issues, i.e., issues *re*

relief under the contract and relief as a wife under Civil Code, section 137; and that the court could afford her relief under either theory; that, in the event the court *found in her favor on both theories*, then, *after the decision*, plaintiff could elect between her remedies; that if plaintiff then elected under Civil Code, section 137, the Judge van der Zee pendente lite support and fee order of May 18, 1951 could be included in the judgment; that upon the making and entry of final judgment in the action, all interlocutory orders could be deemed vacated and appeals therefrom dismissed as moot, without prejudice to either party to said appeals in the event of an appeal from the final judgment in the superior court. Upon the trial, however, the court found and ruled *against* plaintiff upon both theories, and further found that plaintiff, herself, had violated the agreement by molesting defendant and thereby had become liable to him for $500. damages, and had also lost all her rights to support under the contracts, and, further, the court refunded to defendant a substantial accumulation of contractual support payments which defendant had deposited in court. Thereupon plaintiff procured new counsel—the present counsel who represent her on this motion—and appealed from the judgment. Upon appeal, the District Court of Appeal (*Verdier* v. *Verdier*, 133 Cal.App.2d 325 [284 P.2d 94], hearing in Supreme Court denied), although affirming the judgment in other respects, reversed the judgment insofar as it deprived plaintiff of her contractual rights, and insofar as it had refunded the support deposits to defendant; and, further, ordered costs on appeal to plaintiff wife in the interests of justice. The present motion for support, counsel fees and costs was made pending this last-mentioned appeal.

"After considering the record on this motion, the record in the entire case, including the aforementioned stipulation of the parties, the general law, and the law established on appeal for this particular case, the court has come to the following conclusions:

██ "According to the letter and policy of our law, a wife is entitled to pendente lite support, fees and costs (Civ. Code, §§ 137, 137.2, 137.3, 137.5) and, wherever it appears that there has been a ceremonial marriage followed by the assumption of marital relations, the wife is entitled by that fact alone to such pendente lite relief, *even though there is an issue* concerning, e.g. the validity of the marriage itself or the validity of an apparent intervening divorce (*Dietrich* v. *Dietrich*, 41 Cal.2d 497 [261 P.2d 269]; *Gromeeko* v. *Gromeeko*, 110 Cal.

App.2d 117 [242 P.2d 41] ; *Kopasz* v. *Kopasz,* 34 Cal.2d 423 [210 P.2d 846] ; *Baldwin* v. *Baldwin,* 28 Cal.2d 406 [170 P.2d 670] ; *Fisher* v. *Superior Court,* 110 Cal.App. 565 [294 P. 445]) or an issue concerning the validity of an apparent property agreement which has released or limited the husband's duty of support. (*Locke Paddon* v. *Locke Paddon,* 194 Cal. 73 [227 P. 715] ; *Vishner* v. *Vishner,* 125 Cal.App.2d 667 [271 P.2d 68] ; *Spreckels* v. *Spreckels,* 111 Cal.App.2d 529 [244 P.2d 917] ; *Steinmetz* v. *Steinmetz,* 67 Cal.App. 195 [227 P. 713].)

█ "Under the law of the pending case the same principle concerning pendente lite relief is applicable where, although the validity of an outstanding separation and support agreement of 1937 is not attacked, there *is* an issue concerning the wilful nonperformance of such an agreement (*Verdier* v. *Verdier* [36 Cal.2d 241], *supra*). On that appeal the court also held that plaintiff wife had not elected to look to the contract; that *if* in fact she attempted to seek inconsistent remedies, the trial court could require her to elect. This undoubtedly means upon a final judgment in the action. It does not mean that she would have to elect in advance in order to obtain pendente lite relief. To so hold would run counter to the whole purpose and policy of the above cited cases holding that the wife is entitled to such pendente lite relief even though there is an *issue* in the case which, if determined against her, would end her rights. In any event, however, the written stipulation of the parties in the pending case expressly waived any election by plaintiff wife until *after a decision in her favor on both* causes of action—a contingency which never occurred.

"Whether applications for pendente lite relief prior to the judgment in the trial court have been granted or denied would be neither material nor binding in this matter. After judgment in the trial court, support and fees pending appeal therefrom must be sought and separately considered upon a new and separate motion. (*Wilson* v. *Superior Court,* 31 Cal. 2d 458 [189 P.2d 266] ; *McCaleb* v. *McCaleb,* 177 Cal. 147 [169 P. 1023].) Further, on this motion, whether the judgment of the trial court would or would not be reversible on any particular issue would be immaterial. The issue of wilful nonperformance of the 1937 contract was still in the case until finally resolved on the appeal. Good faith in the appeal would be sufficient. (*Gay* v. *Gay,* 146 Cal. 237 [79 P. 885].)

Such good faith has since been demonstrated by the fact that, although plaintiff did not succeed in finally establishing her rights as a wife under Civil Code, section 137, she did succeed in reviving her contractual rights which had accumulated in the amount of about $30,000 and which run in the future at the rate of $400 per month.[*]

"For the foregoing reasons the Court concludes that at the time of this motion, plaintiff wife not only established her need for, but was legally entitled to, support and fees pending the appeal, subject to the sound discretion of the court.

"However, the court believes that, as far as support pending the appeal is concerned, its discretion should be exercised against any such award. First, nearly three years had already elapsed from the taking of the appeal to this motion for support, and, second, since the making of the motion her contractual right to support by the defendant during the past and in the future has been finally determined. To order support now for the period of the appeal would serve no purpose.

"However, as to counsel fees and costs, the situation is entirely different. Neither plaintiff nor counsel have any contractual or other right to such relief save and except through this motion. Although the motion was not made until near the end of the appeal period, the Court has the right to award fees for services rendered on the appeal prior to the

---

*Especially significant, we think, is the fact that in her affidavit filed in support of her motion for support, costs and attorney fees pending the appeal, plaintiff among other things stated: "Affiant further deposes that she has fully and fairly stated her case on this appeal together with all the facts and circumstances connected therewith to her attorneys herein, and said counsel have carefully read and considered all of the transcripts, exhibits, evidence, motions and orders, and all of the files, records and proceedings in this action, and all of the opinions, findings of facts, conclusions of law, and the decrees entered herein, and the judgment from which this appeal is taken, and after such statement, and such reading and consideration, affiant has been advised by her said counsel, and she verily believes that prejudicial and reversible error occurred upon the trial in said Superior Court, and exists in the said judgment appealed from, and that valid grounds of appeal exist in her favor upon the merits."

This statement was not controverted or questioned, in whole or in part, by the affidavit which was filed on behalf of defendant in opposition to the motion.

Accordingly, plaintiff's honest belief in her appeal and her good faith in taking her appeal, *upon all issues*, stood admitted by the defendant, with essentially the same effect as the concession which the husband made upon the hearing of a similar motion in *Weil* v. *Weil*, 37 Cal.2d 770, 790 [236 P.2d 159].

making of the motion (Civ. Code, § 137.3). These services have proved to have been extremely necessary and valuable.

"Accordingly, it is ordered that plaintiff's motion be denied in respect to support, but granted in respect to counsel fees, expenses and costs as follows: To F. Whitney Tenney and John J. Martin the sum of $5,000 attorney fees for services rendered and to be rendered pending appeal, and to plaintiff the sum of $500 on account of expenses and costs on appeal.[*]

"Further ordered that this order be entered *nunc pro tunc* as of May 31st, 1955. (See *Fox* v. *Hale & Norcross Silver Min. Co.*, 108 Cal. 478, 480 [41 P. 328]; also *Leavitt* v. *Gibson*, 3 Cal.2d 90, 102-105 [43 P.2d 1091]; *Osmont* v. *All Persons*, 165 Cal. 587, 591 [133 P. 480]; *Mather* v. *Mather*, 22 Cal.2d 713, 719 [140 P.2d 808]; 3 Witkin, California Procedure, 1892; 28 Cal.Jur.2d 692].)"

The order is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied August 22, 1958, and appellant's petition for a hearing by the Supreme Court was denied September 17, 1958. Carter, J., Schauer, J., and McComb, J., were of the opinion that the petition should be granted.

---

*The fact that defendant obtained effective relief upon a cross-complaint which he filed does not require a determination of the amount of fees and costs in respect to the appeal from that portion of the judgment which pertained solely to plaintiff's rights, if any, under sections 137-137.5 of the Civil Code.

If performance of the separate maintenance agreement had been urged as a defense to the action, pendente lite relief would have been available. (*Locke Paddon* v. *Locke Paddon,* 194 Cal. 73 [227 P. 715]; *Steinmetz* v. *Steinmetz,* 67 Cal.App. 195 [227 P. 713]; *Spreckels* v. *Spreckels,* 111 Cal.App.2d 529 [244 P.2d 917]; *Vishner* v. *Vishner,* 125 Cal.App.2d 667, 669 [271 P.2d 68].) That defendant included a demand for affirmative relief does not change the situation and allocation is not required in view of the interdependence of the issues raised by the parties.

Defendant questions the allowance of costs upon the additional ground that the reviewing court had already allowed plaintiff her costs of appeal in the principal case (133 Cal.App.2d 325, 337), thus exhausting the power of the courts on that subject. Those costs are too obviously different from the type of costs here involved to require discussion. This point is without merit.