Filed 8/25/23  Mathur v. Mathur CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PRIYANKA MATHUR,<br><br>Petitioner and Respondent,<br><br>v.<br><br>VISHAL MATHUR,<br><br>Respondent and Appellant. | H050018<br>(Santa Clara County<br>Super. Ct. No. 17FL001801) |

While litigating the validity of the parties' legal separation settlement agreement, Priyanka Mathur sought an award of attorney fees from her husband Vishal Mathur[1] pursuant to Family Code section 2030.[2]  Vishal argued that such fees are precluded by the separation agreement, which had been incorporated into the judgment of legal separation and includes a provision that states the parties shall bear their own attorney fees.  The trial court granted Priyanka's request, finding that fees were appropriate, given the dispute as to the validity of the judgment and separation agreement and a disparity in the parties' finances and ability to pay for legal representation.  It therefore awarded her fees in the amount of $61,455.

_____

[1] We refer to the parties by their first names for purposes of clarity and not out of disrespect.  (*Kuehn v. Kuehn* (2000) 85 Cal.App.4th 824, 828, fn. 2.)

[2] Undesignated statutory references are to the Family Code.

Vishal moved pursuant to Code of Civil Procedure section 663 to set aside the order. The trial court denied the motion, observing that Vishal's motion was not based on uncontroverted evidence as required under such a motion, but on his disagreement with the court's factual findings.

Vishal appealed both the order awarding attorney fees and the order denying his motion to vacate the attorney fees award. Finding no error, we affirm both orders.

## I. BACKGROUND

Vishal and Priyanka married on December 14, 2003. They have three children, one born in 2005 and two in 2009. On April 27, 2017, Priyanka petitioned for legal separation. A judgment of legal separation, which incorporated the parties' separation agreement, was filed on September 26, 2018. Under that agreement, Vishal had sole legal and physical custody of the parties' minor children, subject to Priyanka's right to have visitation every other weekend and on certain holidays.

Despite entry of the judgment of legal separation, the parties moved together from California to North Carolina in August 2019, where they continued to cohabit. In 2020, their oldest child began attending boarding school in Massachusetts. In September 2020, the parties traveled to India with their two younger children.

Priyanka returned to California in early 2021 and in February of that year filed an ex parte request for a temporary emergency order for the return of the parties' two younger children from India, in addition to a request for a freeze on all joint financial accounts and the restoration of her access to all joint credit cards. She also requested that Vishal be subject to standard family law restraining orders under Family Code section 2040. In his written opposition to the request, Vishal asserted that "[f]or years even before separation, [he was] the primary caretaker of the children, helping them in any way [he] could, without the help of [Priyanka]. [Priyanka was] dealing with untreated mental health issues which come and go and make her act aggressive and bizarre." He also stated that the parties and their two younger children intended to

2

remain in India when they traveled there and that Priyanka never informed him or the children that she was returning to the United States. Although the court granted Priyanka's other requests, it denied the request for the return of the younger children, pending further hearing.

Approximately two months later, Priyanka filed a request for, among other things, the judgment and separation agreement to be set aside on grounds of: (1) fraud; (2) perjury; (3) duress; (4) failure to comply with disclosure requirements; and (5) mistake, inadvertence, surprise, or excusable neglect. In addition, Priyanka requested attorney fees and costs under sections 2030, 271, and 2107 in the amount of $150,000. As is pertinent here, she stated that she needed the award of fees in part "based on . . . [her] need to maintain representation as the lower[-]earning spouse with no access to funds due to Vishal's actions as well as an unallocated advance[] of $50,000 so [she could] pay back family the money they loaned [her] to retain counsel and purchase a vehicle."

As is relevant to this appeal, the separation agreement contains a fee provision: "The parties each agree that they will bear current or future attorney costs on their own. Each party gives away the right to collect from the other party its reasonable costs and necessary disbursements and attorneys' fees incurred during the execution or legal separation or marriage dissolution." Vishal argues that this provision precludes an award of attorney fees under section 2030.[3]

In March 2022, the trial court granted Priyanka's request for attorney fees under section 2030. It first noted that "[a] threshold issue raised by [h]usband is whether [w]ife

---

[3] This appeal concerns fees under section 2030, for need-based fees in a dissolution proceeding. Sections 271 and 2107, which are not at issue, authorize attorney fees and costs for frustrating the policy of the law to promote settlement of litigation, and for failure to serve compliant preliminary and final declarations of disclosure to the extent required, respectively.

can recover any attorneys' fees and costs at all" because paragraph 21 of the separation agreement states: " 'The parties agree that they will bear current or future attorneys' fees on their own.' " Despite that language, the trial court found that paragraph 21 does not expressly bar awards under section 2030. The court stated that "[w]ife contends that [h]usband forced her to sign documents she did not understand. Wife contends [h]usband failed to provide her with mandated disclosures (a concept she didn't understand at the time)." The court further concluded that, "[g]iven the express language in Family Code section 2030, and that [w]ife claims the [separation agreement] (including [paragraph] 21) is invalid, the Court finds the [separation agreement] does not bar [w]ife's claim for fees and costs under Family Code section 2030." After making the required findings under section 2030, the trial court ordered Vishal to pay Priyanka attorney fees and costs in the amount of $61,455 pursuant to section 2030.[4] The court awarded the reduced sum because it had evidence only of the fees and costs incurred by her current attorney, not the claimed $57,000 charged by her prior attorneys, and because it found that "an award for future fees and costs should reflect only work that is likely to occur."

On April 12, 2022, Vishal moved to set aside and vacate the March 28 order pursuant to Code of Civil Procedure section 663. In his declaration, he contended that the court "misquote[d]" the evidence and relied on the older of two income and expense declarations he had filed. The court denied Vishal's motion. It reasoned that Vishal "was taking issue with findings [the court] made and complaining about the evidence that [the court] relied upon in making those determinations and in that regard Mr. Mathur is rearguing the merits and questioning the evidence. And that's not something you can do in a section 663 motion."

---

[4] This total included $39,455 in attorney fees and $2,000 in costs for her current attorney, and $20,000 for future fees and costs.

4

Vishal timely appealed both the order granting fees and the order denying his motion to vacate.

## II.  DISCUSSION

### A.  *Standard of Review and Legal Principles*

"Under the current version of [section 2030], deciding whether to award pendente lite attorney fees and deciding the amount of any fees awarded require family courts to resolve questions of law, make findings of fact, and exercise discretionary authority to resolve certain issues.  Each of these aspects of the family court's decision is subject to a different standard of review.  Its findings of fact are reviewed under the deferential substantial evidence standard.  [Citation.]  Its resolution of a question of law is subject to de novo review.  [Citation.]  Where the Legislature has committed a particular issue to the family's court discretion and the court must weigh various factors and choose from a range of options, that discretionary determination will not be disturbed if it falls within the range established by the applicable legal criteria.  [Citations.]"  (*In re Marriage of Knox* (2022) 83 Cal.App.5th 15, 25.)

When engaging in substantial evidence review, "we are bound by the trial court's findings to the extent they are supported by substantial evidence.  [Citation.]  We may not reweigh a judgment 'supported by substantial evidence even if substantial evidence to the contrary also exists.' "  (*City of San Buenaventura v. United Water Conservation District* (2022) 79 Cal.App.5th 110, 120.)

### B.  *Attorney Fees Pursuant to Section 2030*

Section 2030 addresses need-based attorney fees for parties in dissolution actions.  "The purpose of section 2030 is to ensure parity.  'The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength.' "  (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1056.)

5

Section 2030, subdivision (a)(1) provides that a "court shall ensure that each party has access to legal representation . . . by ordering . . . one party . . . to pay to the other . . . whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding."

Section 2030 clearly sets forth a trial court's duties under the statute, requiring "findings on . . . whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court *shall* make an order awarding attorney's fees and costs." (§ 2030, subd. (a)(2), italics added.)

Vishal cites to *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1049 (*Morton*) for the proposition that a trial court's discretion in awarding fees under section 2030 has narrowed over time. As noted in *Morton*, in 2004, the Legislature amended the statute to substitute "shall" for "may," and a 2010 amendment mandated that a "court shall make findings" and "shall make an order" awarding fees on a showing of disparity. (See *Morton*, *supra*, at p. 1049.) Because of the limitations imposed by the amendments on a trial court's discretion, "it is no longer accurate to refer to a trial court's 'broad discretion' when describing a trial court's responsibilities under section 2030 as currently in effect." (*Ibid*.) Consequently, although Vishal is correct about the reduction in a trial court's discretion under the statute, that conclusion does not aid him in his ultimate argument: that the trial court here lacked discretion to award fees to Priyanka. The converse is true: the mandatory nature of section 2030 required the trial court to award fees if its factual findings demonstrated disparity in access and ability to pay.

C.    *The Separation Agreement's Attorney Fees Provision*

Vishal asserts that the judgment already in place, which incorporates the separation agreement, provides that the parties will bear their future attorney fees. He argues that this is a waiver of fees and that the court therefore did not have the authority to make the attorney fees award.

6

We acknowledge that when parties enter into a binding settlement agreement, such an agreement is enforceable by the court. (See *In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911; Code Civ. Proc., § 664.6, subd. (a).) Indeed, the judgment in this case expressly incorporated the separation agreement. But at that time the trial court entered judgment based on the parties' agreement, the separation agreement had not yet been challenged; Priyanka now contends the judgment should be set aside based on Vishal's failure to provide mandated disclosures and on the mental health issues she asserts she suffered from at the time she entered into the separation agreement. This is information the trial court would not have had at the time it approved the separation agreement as part of the judgment and warrants renewed scrutiny of that judgment.

Given the pending dispute as to the validity of the judgment and agreement, we observe that "[t]he matter of compelling [one spouse to pay the other] any money necessary to prosecute or defend the cause is a matter solely within the court's discretion and any agreement purporting to otherwise settle such matter is subject to an examination by the court." (*Line v. Line* (1946) 75 Cal.App.2d 723, 727; see also *Steinmetz v. Steinmetz* (1924) 67 Cal.App. 195, 198 ["[T]he matter of costs and counsel fees in divorce actions has been exclusively vested in the discretion of the trial court by legislative enactment, and . . . any agreement made by the parties attempting to settle such matters is subject to the examination and sanction of the court."]; see also *McCahan v. McCahan* (1920) 47 Cal.App. 173, 175-176 [noting that the court's power to compel the payment of money "necessary to prosecute or defend . . . is not exhausted upon the rendition of the judgment in the trial court, but continues during the pendency of the appeal" and that "it is best to leave the matter of costs and counsel fees, in divorce actions, to the discretion of the trial court, in whose exclusive jurisdiction it has been vested by legislative enactment"].)

Vishal argues that the fee provision in the separation agreement was "intended to broadly capture the fees, including need-based fees." But nothing in the plain language

of the separation agreement suggests that the parties contemplated a future challenge to the validity of the agreement, as opposed to fees incurred in its negotiation and execution. As other courts have concluded, a court can make an award for pendente lite fees when a property settlement agreement has been properly challenged. (*Locke-Paddon v. Locke-Paddon* (1924) 194 Cal. 73, 79-81; *Nacht v. Nacht* (1959) 167 Cal.App.2d 254, 268; *Spreckels v. Spreckels* (1952) 111 Cal.App.2d 529, 532.) Of the cases Vishal cites for the proposition that the trial court abused its discretion in awarding Priyanka attorney fees despite the fee provision, the most analogous is *In re Marriage of Guilardi* (2011) 200 Cal.App.4th 770 (*Guilardi*), but *Guilardi* is nonetheless distinguishable on its facts. In *Guilardi*, the parties separated and then executed a marital settlement agreement, which was incorporated into a judgment. (*Id.* at p. 772.) The wife sought attorney fees for the prosecution of her claims " 'for the set aside of the parties' Judgment for Dissolution and Marital Settlement Agreement,' " but the trial court granted the husband's motion to dismiss the request based in part on a fee provision in the marital settlement agreement that provided attorney fees to the prevailing party in an action related to the agreement.[5] (*Id.* at p. 773.)

Under then-existing law, the *Guilardi* court observed that cases have not been "universally consistent on the question of whether statutory counsel fees are available to the party unsuccessfully challenging an MSA." (*Guilardi*, *supra*, 200 Cal.App.4th at p. 774.) It ultimately concluded fees were not available, noting the inconsistency between a prevailing party provision and fees under section 2030, and further observing that the wife's challenge to the validity of the agreement had already been found to be without merit. (*Id.* at pp. 774-775.)

---

[5] At the time of the order, the pre-2010 version of section 2030 was in effect. (See *Guilardi*, *supra*, 200 Cal.App.4th at p. 773.)

The factors relied on in *Guilardi* are not present here. Although in this case the separation agreement has been incorporated into a judgment, Priyanka has challenged the validity of that judgment and agreement and—unlike the adjudication in *Guilardi* of the wife's challenges to the marital settlement agreement—the trial court here found at the time it made the fee award that Priyanka's claims "are not entirely speculative or long-shots." It reached this conclusion after noting that the terms of the separation agreement "appear to be one-sided," that Priyanka contended that Vishal forced her to sign a document she did not understand, and that "[h]usband confirmed that [w]ife suffered from mental health issues around the time the [separation agreement] was drafted, executed, and entered by the Court, thus reinforcing her claims." The court further relied on the fact that "[w]ife claims the [separation agreement] (including section 21) is invalid" to support its conclusion that the separation agreement "does not bar [w]ife's claims for fees and costs under Family Code section 2030."[6]

The facts of this case, including the findings made by the trial court, weigh in favor of allowing the award of fees despite the language of the separation agreement. Waiting until there is a final decision on whether to set aside the judgment would defeat the purpose of section 2030, which is to ensure a level playing field for both parties during the pendency of the litigation.

**D.** *Findings Under Section 2030*

Having concluded that the trial court had the authority to award attorney fees pursuant to section 2030, we now turn to whether the trial court made the required

---

[6] Although it was not dispositive in *Guilardi*, and is not dispositive here, we note that the separation agreement does not contain a prevailing party provision, and therefore we need not be concerned about the policy underlying such a provision, which is " 'to discourage litigation and to make it clear that the losing party will pay.' " (*Guilardi*, *supra*, 200 Cal.App.4th at p. 776.)

9

findings under the statute and whether those findings were supported by substantial evidence.

The trial court found that there is a disparity of income between the parties. In making this finding, the court looked at income and expense declarations filed by the parties: (1) Vishal's June 26, 2021 declaration showing monthly income of $9,569 per month in the prior twelve months; (2) Priyanka's September 22, 2021 declaration showing earnings of about $450 per month in the prior twelve months; and (3) Priyanka's February 14, 2022 declaration showing new employment at a Macy's store earning $2,412 per month.[7]

Vishal argues that he filed a new income and expense declaration on February 18, 2022, showing reduced income and the trial court failed to consider it. To the extent Vishal asserts the more recent declaration shows that he is earning less than before because he no longer works for Cisco, the trial court acted within its discretion in considering not just Vishal's current earnings, but his potential earnings based on his skills and work history. In determining the reasonableness of an attorney fee award under section 2030, a court also considers the factors set forth in section 4320, which include a party's "earning capacity." (§ 2032, subd. (b); § 4320, subd. (a); see also *In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 769 (*Sullivan*) [" '[T]he cases have frequently and uniformly held that the court may base its decision on the [paying spouse's] ability to earn, rather than his [or her] current earnings . . .' for the simple reason that in cases such as this, current earnings give a grossly distorted view of the paying spouse's financial ability."].)

Further, although it is not apparent from the record whether or how the trial court considered this specific declaration, on appeal it is well settled that " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are

_____

[7] Of these three declarations, only the February 14 declaration is in the record.

10

indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As "a natural and logical corollary to [these] fundamental principles of appellate review," we "infer the trial court made all factual findings necessary to support the judgment." (*Fladeboe v. American Isuzu Motors, Inc*. (2007) 150 Cal.App.4th 42, 58.) Because "nothing in the record shows that the trial court was unfamiliar with and refused to consider the [it,] [w]e . . . presume that the trial court considered [the February 2022 income and expense declaration]." (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 977.)

"It is elementary that where the trial court has discretionary power to decide an issue, a reviewing court will not disturb the exercise of a trial court's discretion [and will] . . . defer[] to the factual findings of the lower court and presume[] them to be correct, unless completely unsupported by substantial evidence." (*Roug v. Ohio Security Ins. Co.* (1986) 182 Cal.App.3d 1030, 1040.) Vishal contends the trial court should have relied on his 2022 income and expense declaration, but he does not dispute the accuracy of the earlier declarations showing his and Priyanka's prior U.S. earnings. That undisputed evidence was properly before the trial court as substantial evidence that could support its findings.[8]

The trial court also found that Vishal has the ability to pay for the legal representation of both parties. In addition to the income and expense declarations on which it was entitled to rely, the trial court noted Vishal's history as "a long-time Cisco employee who was able to purchase numerous properties in California," and the fact that "[h]usband received substantial assets through the [separation agreement]." This finding is supported both by the declarations and at least circumstantially by the separation

---

[8] As support for those findings, we also note that the separation agreement showed Vishal's income from 2016 to be "approximately $10,500 per month," which the trial court stated was consistent with the June 26, 2021 income and expense declaration.

11

agreement, under which Vishal received four properties and Priyanka only two. Vishal states that the properties "have significant debt" and were "not generating any income at the time of ruling," but it is not apparent whether he provided evidence in the trial court at the time the court considered the fee request regarding the value of the properties or their potential for rental income.[9]

"[A] pendente lite fee award should be the product of a nuanced process in which the trial court should try to get the 'big picture' of the case . . . ." (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 254.) The trial court here did so, looking at the separation agreement, the evidence submitted by the parties, and Priyanka's statements regarding her mental health as they affected her attempt to set aside the judgment and separation agreement.[10] "In the absence of a clear showing of abuse, [a trial court's]

---

[9] Priyanka attempted to show the value of the properties by attaching a spreadsheet with an "[a]pproximation of real estate equity owned by [Vishal]" to a declaration from her attorney. The spreadsheet did not include mortgage amounts and it is not clear whether the trial court would have relied on the spreadsheet. We note that in support of Vishal's later request to set aside and vacate the order, he provided a schedule of assets and debts "to provide more insight into the property values around the time of the Settlement Agreement," which shows three of the properties he owns with equity in the hundreds of thousands of dollars, and the fourth underwater by approximately four thousand dollars.

[10] In its order, the trial court characterized Vishal's testimony in the custody trial as having "confirmed that Wife suffered from mental health issues around the time the [separation agreement] was drafted" or even "at the time the [agreement] was signed," a characterization Vishal disputes. At the custody trial and in a prior declaration, Vishal maintained that Priyanka's mental health issues became apparent to him "in or around December 2018." Nothing in the record affirmatively demonstrates that the trial court abused its discretion in deeming Vishal's account of this episode relevant to the merits of Priyanka's request to set aside the agreement, which was executed six months before this particular manifestation of her symptoms. Although we agree that certain of Vishal's statements appear distorted in their rendition by Priyanka's counsel, the trial court made no finding as to inception of Priyanka's mental health issues. Rather, the court determined only that the claims Priyanka sought to litigate with counsel's assistance "are not entirely speculative or long shots."

determination will not be disturbed on appeal.  [Citations.]  '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made.' "  (*Sullivan*, *supra*, 37 Cal.3d at p. 769.)  The trial court properly relied on admissible evidence, and Vishal has not established that the order was unreasonable as a matter of law.

**E.      *Motion to Vacate Pursuant to Code of Civil Procedure Section 663***

"A judgment or decree, when based upon a decision by the court . . . may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered" when there is an "[i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts . . . ."  (Code Civ. Proc., § 663.)  Stated differently, "[a] motion to vacate under [Code of Civil Procedure] section 663 is a remedy to be used when a trial court draws incorrect conclusions of law or renders an erroneous judgment on the basis of uncontroverted evidence."  (*Simac Design, Inc. v. Alciati* (1979) 92 Cal.App.3d 146, 153.)  The ability to obtain relief under section 663 is limited to "whenever the trial judge draws an incorrect legal conclusion or renders an erroneous judgment *upon the facts found by it to exist*."  (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 738, italics added.)  "In ruling on a motion to vacate the judgment the court cannot ' "in any way change any finding of fact." ' "  (*Glen Hill Farm, LLC v. California Horse Racing Bd.* (2010) 189 Cal.App.4th 1296, 1302.)  "[A] motion in the trial court to set aside a judgment is addressed to its sound discretion and will not be reversed without a clear showing of abuse of that discretion."  (*Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058, 1077; see also *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1207, fn. omitted [concluding that the appellant made "no cognizable argument on appeal as to why the trial court abused its discretion in denying" a motion under section 663].)

In his accompanying declaration to his request for order to set aside the fee order, Vishal argues that he never testified that Priyanka suffered from mental health issues at

the time she signed the separation agreement, that the trial court cited an outdated income and expense declaration from him, and that the court made findings as to the ability to pay and access to funds that are not reflected in the evidence. On appeal, he asserts that he provided "uncontroverted evidence"—a transcript of his testimony at the custody trial reflecting that his account of Priyanka's mental health issues was not linked to the time the separation agreement was executed, his February 18, 2022, income and expense declaration, and other "details of facts that do not support Court's determination as to [wife's] inability to pay her [a]ttorney [f]ee and [husband's] ability to take care of all three children's needs and also be able to pay his [a]ttorney fee as well as [wife's] attorney fee."

Vishal argues, in short, that the trial court's findings of fact were incorrect; he does not point to any "erroneous legal basis for the decision." Notwithstanding his disagreement with the trial court's findings of fact, a motion pursuant to Code of Civil Procedure section 663 is not the proper avenue to challenge those findings. The one legal argument he made in his declaration for the request for order was that the separation agreement barred an award of fees under section 2030. On this, our conclusion that the trial court made no error in this respect is dispositive.

## III.  DISPOSITION

The trial court's orders are affirmed. Costs on appeal are awarded to Priyanka.

14

_____

LIE, J.

WE CONCUR:


_____

GROVER, ACTING P.J.


_____

BROMBERG, J.


*Mathur v. Mathur*
H050018