Filed 4/3/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of CHARLES and JULIE ANN BOWMAN. | 2d Civ. No. B331924 (Super. Ct. No. FL108245) (San Luis Obispo County) |
| CHARLES WAYNE BOWMAN,  Respondent,  v.  JULIE ANN BOWMAN,  Appellant. | |

This attorney's fees appeal arises from a marital dissolution. Julie Bowman (wife) appeals a postjudgment order awarding her reasonable attorney's fees of $12,500 instead of the approximately $49,000 she had claimed pursuant to a "prevailing party" attorney's fees clause in a marital settlement agreement (MSA). She contends the trial court erred because it considered Charles Bowman's (husband's) ability to pay and other equitable factors when determining the amount of the fee award. She contends the court should have applied Civil Code section 1717 to

the MSA's fee provision rather than Family Code sections 2030 and 2032.[1]

We affirm. We hold that, in determining the amount of fees where the MSA includes a prevailing party attorney's fees clause, the trial court retains discretion to consider the factors set forth in sections 2030 and 2032, including the losing party's ability to pay. Wife has not shown that the trial court erred as a matter of law or abused its discretion in considering the Family Code factors. She forgets that the family law court is a court of fairness and equity. (*In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1174.)

*Factual and Procedural Background*[2]

The parties married in 1989 and separated in 2010. A judgment of dissolution was entered in 2010. The judgment incorporated an MSA awarding the family home to wife. The MSA provided that, if the home is sold, the "net proceeds" will be divided equally between the parties. The trial court retained jurisdiction "to make other orders necessary to carry out this judgment."

The MSA included the following attorney's fees clause: "In the event any further action is ever brought to enforce any of the provisions of this Agreement, the prevailing party shall be entitled to receive from the other party such reasonable legal fees and necessary costs as shall be affixed by the Court."

---

[1] Unless otherwise stated, all statutory references are to the Family Code.

[2] We grant husband's May 14, 2025 unopposed motion to augment the record to include three documents filed in the trial court.

2

In 2011 the parties amended the MSA to provide that wife "will be removed from the [home's] title and agrees to sign a Quitclaim Deed removing her name." Husband "will assume all responsibility for the home." The amendment further provided, "When the house is eventually . . . sold, the parties agree that the net proceeds will be divided equally." The parties subsequently disagreed whether wife retained an interest in the home after she had signed the quitclaim deed. In March 2021 the trial court ruled: "Wife has a one-half interest in the [home]. The assertion that [she] has no ownership interest in the [home] is unsupported by the record."

After the ruling, wife requested that the court "confirm that [husband] does not have the sole decision over when the [home] will be sold." In September 2021 the trial court ordered the parties "to meet and confer to determine whether they can agree to list the residence for sale, or whether [husband] intends to buyout [*sic*] [wife's] half of the interest."

Nearly one year later, the trial court granted husband's request to buy out wife's interest in the home. He did so. The only issue remaining was an award of attorney's fees and costs.

Wife filed a request for an "Award of Contract [Attorney's] Fees & Costs" in the amount of $49,312.48, arguing that she had prevailed on all of the issues. This amount included costs of $743.15. Wife noted, "Her attorney took the matter on a contingency basis and fronted all fees and costs to help her obtain her rightful interest." Husband opposed wife's request for attorney's fees and costs. He argued, inter alia, that wife was not the prevailing party.

3

*Trial Court's Ruling*

The trial court awarded wife attorney's fees of $12,500. It did not make an award of costs. It observed, "[T]his is a limited asset case that has been over litigated." The trial court also considered the financial situation of both parties, noting that neither party has significant income and that both parties' main source of support is Social Security. It further noted that the home's equity had been exhausted. The court concluded, "Neither party could afford this expensive litigation. [Husband] is unable to afford an award of fees as requested by wife."

In light of the parties' financial situation and overlitigation of the case, the trial court found attorney's fees of $12,500 were reasonable "for . . . a determination as . . . to [wife's] equity in the property, and her ability to receive said equity." The court was "concerned that the efforts involved were not reasonably calculated to lead to the expeditious resolution of this matter." Because husband lacked the funds to pay the entire amount, the trial court allowed him, "to make interest-free payments . . . at a rate of $200 per month payable directly to [wife's counsel]." It later denied wife's request to recalculate the fee award under Civil Code section 1717 without considering husband's ability to pay.

*The Trial Court Did Not Err by Applying the Family*
*Code Fee Statutes to Wife's Request for Attorney's Fees*

In light of our holding (see *ante,* p. 2), wife must show an abuse of discretion to prevail on her request for a $49,000 fee order. "The purpose of an attorney fees award in a marital dissolution proceeding is to provide, as necessary, one of the parties with funds adequate to properly litigate the matter. [Citation.] . . . [¶] . . . A motion for attorney fees is left to the trial

4

court's sound discretion and will not be disturbed on appeal absent a clear showing of abuse. [Citation.]" (*In re Marriage of Bendetti* (2013) 214 Cal.App.4th 863, 868-869; see also *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449 [abuse of discretion standard on appeal].)

In exercising its discretion, the court is authorized by the Family Code to consider the parties' financial situation and ability to pay, among other equitable factors. Section 2030, subdivision (a) requires the court to "ensure that each party has access to legal representation . . . by ordering, if necessary based on the income and needs assessments, one party . . . to pay the other party, or the other party's attorney, whatever amount is reasonably necessary for attorney's fees . . . ." Any fee award must be "just and reasonable under the relative circumstances of the respective parties." (§ 2032, subd. (a).) "Notwithstanding the parties' relative economic circumstances, an award under section 2030 et seq. is properly denied if a case has been overlitigated or if the fees otherwise were not 'reasonably necessary.'" (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 112.)

Wife claims the court erred because it applied sections 2030 and 2032 instead of Civil Code section 1717, the prevailing party fee statute generally applicable to contractual attorney's fees awards. Civil Code section 1717, subdivision (a) provides, "[I]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." Like the Family Code fee statutes, Civil Code section 1717 grants the court "broad discretion . . . to fix an

5

award of attorney fees in a reasonable amount." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1088 (*PLCM Group*).) "We apply de novo review to determine the scope of the statute." (*N.S. v. D.M.* (2018) 21 Cal.App.5th 1040, 1054.)

Wife contends that the court's discretion under the Family Code to consider equitable factors does not apply where the parties have agreed in an MSA to award fees to the prevailing party. Once a contractual fee provision exists, wife insists, the court loses discretion to apply the Family Code and is instead limited by Civil Code section 1717 to using the "lodestar" method of calculating a reasonable fee. Under this method, the court calculates the fee by multiplying the number of hours worked by a reasonable hourly rate. The resulting amount may then be adjusted based on factors specific to the case. (*PLCM Group*, *supra*, 22 Cal.4th at p. 1095.)

Wife relies on *Walker v. Ticor Title Co. of California* (2012) 204 Cal.App.4th 363 (*Walker*) to support this contention. There, the court concluded, "[I]t is inappropriate to consider the losing party's financial status as an equitable factor in assessing contractual attorney fees," i.e., fees awarded pursuant to Civil Code section 1717. (*Id*. at p. 372.) *Walker* is, however, distinguishable because it did not involve a proceeding for dissolution of marriage.

Wife also relies on *In re Marriage of Sherman* (1984) 162 Cal.App.3d 1132. It is not controlling. There, the MSA provided that the prevailing party "'shall be entitled to recover reasonable attorney's fees and costs . . . .'" (*Id*. at p. 1136.) The appellate court affirmed the trial court's order awarding attorney's fees to wife as the prevailing party. The trial court did not err in refusing to allow husband to present evidence of his inability to

6

pay because the award "emanated from the contractual relationship of the parties and not from their relationship under the Family Law Act . . . ." (*Id*. at p. 1140.)

As the court noted in *In re Marriage of Guilardi* (2011) 200 Cal.App.4th 770, 774, *Sherman* applied Civil Code section 1717 and the contractual fee provision to *uphold* the trial court's discretion in making a fee award, not to restrict it. *Sherman* allows a trial court to rely on Civil Code section 1717 to award attorney's fees without considering the losing party's ability to pay. *Sherman* does not require that the court do so. Nor does it hold the Family Code inapplicable to an MSA attorney's fees provision. Instead, Civil Code section 1717 provides an *alternative basis* for awarding attorney's fees. (See Hogoboom et al., Cal. Practice Guide: Family Law (The Rutter Group 2025) ¶ 14.275 ["Where, by marital settlement agreement . . . , the parties have agreed to a recovery of fees and costs in an action arising under the contract, the contract itself provides an *alternative basis* for a fees and costs award. The Family Code fee award statutes are not determinative of entitlement to a fee award or the amount thereof when fees are sought pursuant to contract. [*Marriage of Sherman, supra,* 162 Cal.App.3d at p. 1140 . . . ]"].) (Italics added, brackets for citation to *Sherman* in original.)

In determining the amount of a reasonable attorney's fees award in a dissolution proceeding, the trial court retains discretion to consider the losing party's ability to pay and other equitable factors as provided in sections 2030 and 2032. *Sherman* did not remove that discretion. Wife has not cited any appellate decision that holds otherwise. (See also *Garcia v. Santana* (2009) 174 Cal.App.4th 464.)

7

Here, the trial court acted within its discretion when it relied on the Family Code to determine the amount of wife's attorney's fees award. The MSA provided for an award of "reasonable legal fees and necessary costs as shall be affixed by the Court." It did not foreclose consideration of either party's financial need or ability to pay, nor did it prohibit application of the Family Code fee statutes. It placed no limit on the factors the trial court could consider in determining the amount of reasonable attorney's fees to be awarded.

As to wife's lodestar computation, wife correctly notes that there is no evidence the trial court rejected her counsel's claimed hourly rate or number of hours worked. Pursuant to the Family Code fee statutes, the court reasonably reduced wife's lodestar figure to take into account husband's ability to pay and other factors mentioned in sections 2030 and 2032.

"[T]he trial court has broad discretion in ruling on a motion for fees and costs." (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 975.) Wife has not shown that, "'"considering all the evidence viewed most favorably in support of [the trial court's] order, no judge could reasonably"'" have found that her reasonable attorney's fees and costs should be limited to $12,500. (*In re Marriage of Bendetti, supra*, 214 Cal.App.4th at p. 869.)

### Costs on Appeal

"[N]ormally a prevailing party on appeal is entitled to costs on appeal . . . ." (*Agnew v. State Bd. of Equalization* (2005) 134 Cal.App.4th 899, 911.) Although husband is the prevailing party in this appeal, in his brief he "prays that in the interests of justice this Court find that *neither* party is entitled to its fees and costs on appeal." We accept his representation that "[n]either party can pay the costs . . . ."

8

*Disposition*

The postjudgment order awarding wife attorney's fees of $12,500 and denying her an award of costs is affirmed. The parties shall pay their own costs on appeal.

CERTIFIED FOR PUBLICATION.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

9

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

Barnick | Hodges and Whitney Northington Barnick; Rossi Law and Richard Rossi, for Appellant.

Lewi Law and Christopher C. Lewi, for Respondent.